### SUSAN C. CRANE *vs.* EBENEZER CRANE.

It is no defence to a writ of entry that the demandant holds the land subject to a resulting trust in favor of the tenant.

WRIT OF ENTRY to recover land in Oxford, described in a deed from Ebenezer Brown to the demandant. At the trial, the demandant gave in evidence said deed, the execution of which

was admitted; and the evidence was that, upon the execution and delivery of the deed, the tenant, in presence of the demandant, handed to Brown part of the purchase money, and the demandant gave Brown a note for the balance, secured by a mortgage on the land, and afterwards paid the note.

The tenant offered to prove by parol evidence that he paid the money to establish a resulting trust in the land in his favor, and that he paid three fourths of the note, in order to show that the land was held by the demandant in trust for his benefit. But *Merrick*, J. ruled that these facts, if proved, would not constitute a defence, and excluded the evidence. The demandant obtained a verdict, and the tenant alleged exceptions.

*E. B. Stoddard*, for the tenant. The evidence offered was material. *Livermore* v. *Aldrich*, 5 Cush. 431.

*J. W. Wetherell*, for the demandant.

BY THE COURT. The only question to be settled in this action is that of the legal title. The question for whose benefit the land is to be held is not in issue. The case of *Livermore* v. *Aldrich*, 5 Cush. 431, was a bill in equity to enforce a resulting trust. *Exceptions overruled.*